UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN COUNTY

FILED
2011 DEC -9  P 2: 04

U.S. DISTRICT COURT
NEW HAVEN, CT

| | |
|---|---|
| **LINDA A. LEE,** *Plaintiff,* | : <br> : <br> : |
| v. | : <br> : |
| **CONNECTICUT DEPARTMENT OF CHILDREN AND FAMILIES AND JOETTE KATZ, IN HER OFFICIAL CAPACITY AS COMMISSIONER OF THE CONNECTICUT DEPARTMENT OF CHILDREN AND FAMILIES,** *Defendants.* | : Civil Action No. 3:11-CV-1910 AWT <br> : <br> : <br> : <br> : <br> : <br> : |

## COMPLAINT

NOW COMES PLAINTIFF for her Complaint against Defendant Joette Katz, in her official capacity as Commissioner of the Connecticut Department of Children and Families, hereby states the following:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq,* (hereinafter "ADA"), The Connecticut Human Rights and Opportunities Act, Conn. Gen. Stat. § 46a-60 (hereinafter the "CHRO Act") and The Connecticut Workers' Compensation Retaliation Act, Conn. Gen. Stat. § 31-290a (hereinafter "Workers' Compensation Retaliation Act").

2. This Court has jurisdiction pursuant to the following Statutes:

    a.    28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

1

    b.    28 U.S.C. § 1343 (3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government;

    c.    28 U.S.C. § 1367, which gives the district court supplemental jurisdiction over state law claims.

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that gave rise to this Complaint occurred in this district.

## PARTIES

4. Plaintiff Linda A. Lee (hereinafter "Plaintiff") is a citizen of the United States and resides in the County of New Haven, State of Connecticut, which is in this judicial district.

5. Defendant Joette Katz ("hereinafter "Defendant") is the Commissioner of the Connecticut Department of Children and Families (hereinafter "DCF"). Defendant is sued in her official capacity as Commissioner of the DCF.

6. Defendant DCF is a public entity for the purposes of the ADA pursuant to 42 U.S.C. § 12131(1), and is located in the County of New Haven, State of Connecticut, which is in this judicial district. Defendant DCF provides programs and/or activities to the citizens of Connecticut acting under the color of state law.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On or about June 12, 2009, Plaintiff filed Charges of Discrimination with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC").

8. The U.S. Department of Justice issued a Right to Sue letter on September 14, 2011.

9. This Complaint is filed within ninety (90) days from the date of said Right to Sue.

## STATEMENT OF FACTS

10. Plaintiff began working for Defendant DCF in or about February, 1988. Plaintiff was employed as a Pupil Services Specialist.

11. In or about 2001, Plaintiff was transferred to the Connecticut Juvenile Training School in Middletown, CT.

12. Shortly after her transfer as described in Paragraph 11 above, Plaintiff began to develop medical problems including, but not limited to, respiratory problems, bronchitis, short-term memory loss, cognitive and neurological impairments, and skin rashes, for which she sought medical treatment.

13. Plaintiff was eventually diagnosed with allergic rhinitis, chronic sinusitis and asthma, which affects several major life activities including, but not limited to, breathing. Plaintiff was told that her disabilities were attributed to mold which was present at her workplace.

14. Despite receiving medical treatment from her doctor, Plaintiff was forced to take a medical leave of absence from work on or about January 20, 2004 due to her worsening medical condition caused by the amounts of mold present at her workplace.

15. Subsequent to that which is set forth in Paragraph 14 above, Plaintiff filed a Workers' Compensation claim on or about April 14, 2004.

16. In or about October, 2004, Plaintiff returned to work on a ninety-day temporary assignment with the medical restriction that she could not work in an environment where mold was present

17. Defendant DCF, aware of Plaintiff's medical restrictions, placed her at Riverview Hospital in Middletown, CT. A few days after working at Riverview Hospital, Plaintiff was forced to go to the emergency room due to a serious allergic reaction. As a result, Plaintiff

missed approximately fifteen days of work. Moreover, this allergic reaction set back Plaintiff's medical treatment for her disability.

18. After the ninety day assignment was concluded, Plaintiff was again forced to take a medical leave of absence.

19. Prior to returning to work, Plaintiff informed Defendant DCF that it should inspect its buildings for both mold and Volatile Organic Compounds.

20. Plaintiff remained out of work until about April, 2008. On or about April 10, 2008, Defendant DCF offered Plaintiff a position at their Meridan, CT location. Plaintiff informed Defendant that this location did not accommodate her disability because an investigation revealed that it contained levels of mold which did not make it a medically safe working environment. Plaintiff then requested Defendant DCF to accommodate her by offering her a position at a location which was medically safe. Defendant refused this request for accommodation.

21. With no alternative, Plaintiff attempted to return to work at the location described in Paragraph 20 on or about May 5, 2008. Within two days, Plaintiff experienced an allergic reaction similar to those that she experienced at both locations referenced in Paragraphs 12 and 17 above, which forced Plaintiff to leave work for medical reasons.

22. Plaintiff again attempted to return to the Meridan, CT location on or about November 12, 2008. Once again, she experienced an allergic reaction which prompted her to take a medical leave.

23. During all relevant times, Plaintiff kept Defendant DCF aware of her medical condition and provided up-to-date medical documentation, including doctor's notes, to

Defendant DCF.

24. On or about February 19, 2009, Defendant DCF terminated Plaintiff's employment for neglect of duty and attendance effective on or about 3/5/09.

25. Plaintiff is able to perform the essential functions of her job with reasonable accommodation

26. Plaintiff was denied her request for reasonable accommodation.

27. Plaintiff performed the essential functions of her job in at least a satisfactory manner.

28. Upon information and belief, the Connecticut Juvenile Training School has been investigated by the Connecticut Division of Occupational Safety and Health, with said investigations showing a history of mold and unsafe working conditions.

29. Upon information and belief, Riverview Hospital has been investigated by the Connecticut Division of Occupational Safety and Health, with said investigations showing a history of mold and unsafe working conditions.

### COUNT I
### THE AMERICANS WITH DISABILITIES ACT ("ADA")
### 42 U.S.C. § 12101, *et seq,*
### (Disparate Treatment)

30. Plaintiff incorporates by reference Paragraphs 1 through 29 as if fully set forth herein.

31. By the aforesaid actions, Defendants have violated the ADA.by terminating Plaintiff because of her disability, having a record of a disability and/or having a perceived disability.

32. Plaintiff was damaged as a proximate result of Defendants' intentional conduct.

**COUNT II**
**THE AMERICANS WITH DISABILITIES ACT ("ADA")**
**42 U.S.C. § 12101, *et seq,***
**(Failure to Accommodate)**

33. Plaintiff incorporates by reference Paragraphs 1 through 32 as if fully set forth herein.

34. By the aforesaid actions, Defendants have violated the ADA by failing to provide reasonable accommodation to Plaintiff because of her disability.

35. Plaintiff was damaged as a proximate result of Defendants' intentional conduct.

**COUNT III**
**THE CONNECTICUT HUMAN RIGHTS AND OPPORTUNITIES ACT ("CHRO")**
**Conn. Gen. Stat. § 46a-60**
**(Disparate Treatment)**

36. Plaintiff incorporates by reference Paragraphs 1 through 35 as if fully set forth herein.

37. By the aforesaid actions, Defendants have violated the Rehabilitation Act by terminating Plaintiff because of her disability, a record of having a disability and/or having a perceived disability.

38 Plaintiff was damaged as a proximate result of Defendants' intentional conduct.

**COUNT IV**
**THE CONNECTICUT HUMAN RIGHTS AND OPPORTUNITIES ACT ("CHRO")**
**Conn. Gen. Stat. § 46a-60**
**(Failure to Accommodate)**

39. Plaintiff incorporates by reference Paragraphs 1 through 38 as if fully set forth herein.

40. By the aforesaid actions, Defendants have violated the Rehabilitation Act by failing

6

to provide reasonable accommodation to Plaintiff because of her disability.

41. Plaintiff was damaged as a proximate result of Defendants' intentional conduct.

## COUNT V
## THE CONNECTICUT WORKERS' COMPENSATION RETALIATION ACT
## ("WORKERS' COMPENSATION RETALIATION")
## Conn. Gen. Stat. § 31-290a
## (Retaliation)

42. Plaintiff incorporates by reference Paragraphs 1 through 41 as if fully set forth herein.

43. By the aforesaid actions, Defendants have violated the Workers' Compensation Retaliation Act by forcing Plaintiff to work in an unsafe environment, equipped with the knowledge of Plaintiff's disability, and ultimately terminating Plaintiff's employment.

44. Plaintiff was damaged as a proximate result of Defendants' intentional conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(1) declare that the employment practices complained of in this Complaint are unlawful;

(2) order the Defendants to make the Plaintiff whole;

(3) order that the Defendants pay Plaintiff compensatory damages;

(4) order that the Defendants pay Plaintiff punitive damages;

(5) retain jurisdiction of this action to ensure full compliance;

(6) order the Defendants to pay Plaintiff's costs and expenses and reasonable attorney's fees;

(7) grant such other relief to Plaintiff as the court deems just and proper.

## AMOUNT IN CONTROVERSY

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury.

Plaintiff,

*Linda A. Lee*
Linda A. Lee
42 Morehouse Avenue
Milford, CT  06460

Date: 12/9/11