**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LINDA A. LEE | : | |
|    *Plaintiff* | : | |
| | : | |
| v. | : | CIVIL NO. 3:11-CV-01910 (AWT) |
| | : | |
| CONNECTICUT DEPARTMENT OF | : | |
| CHILDREN AND FAMILIES and | : | |
| JOETTE KATZ, IN HER OFFICIAL | : | |
| CAPACITY AS COMMISSIONER OF THE | : | |
| CONNECTICUT DEPARTMENT OF | : | |
| CHILDREN AND FAMILIES | : | |
|    *Defendants* | : | JUNE 15, 2012 |

**AMENDED COMPLAINT**

Plaintiff Linda Lee, for her Amended Complaint against Defendants Connecticut Department of Children and Families ("DCF"), and Joette Katz, in her official capacity as Commissioner of DCF, through her attorneys, alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"); the Rehabilitation Act, 42 U.S.C. § 791 *et seq.*; the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60 ("CFEPA"); and the Connecticut Workers' Compensation Retaliation Act, Conn. Gen. Stat. § 31-290a ("Workers' Compensation Retaliation Act").

2. This Court has jurisdiction pursuant to the following Statutes:

    a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

    b. 28 U.S.C. § 1343 (3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government;

1

   c. 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims.

 3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that gave rise to this Complaint occurred in this district.

## PARTIES

 4. Plaintiff Linda A. Lee ("Plaintiff") is a citizen of the United States and resides in the County of New Haven, State of Connecticut, which is in this judicial district.  Plaintiff is a "qualified individual with a disability" for the purposes of the ADA pursuant to 42 U.S.C. § 12111(8) and 12131(2) and within the meaning of 29 U.S.C. §706(8).

 5. Defendant Connecticut Department of Children and Families (hereinafter "DCF") is an agency of the State of Connecticut with offices throughout Connecticut, employs more than 15 people, and is a "covered entity" for the purposes of the ADA pursuant to 42 U.S.C. § 12111(2) and a "public entity" for the purposes of the ADA pursuant to 42 U.S.C. § 12131(1). Defendant DCF provides programs and/or activities to the citizens of Connecticut acting under the color of state law.  Defendant DCF receives federal financial assistance within the meaning of the Rehabilitation Act and is thus covered by Section 704 of the Rehabilitation Act of 1973.

 6. Defendant Joette Katz ("Defendant Katz") is the Commissioner of the DCF and is being sued in her official capacity.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

 7. On or about June 12, 2009, Plaintiff filed Charges of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

8. The U.S. Department of Justice issued a Right to Sue letter on September 14, 2011.

9. The original Complaint in this action was filed on December 9, 2011, within ninety (90) days from the date of said Right to Sue.

## STATEMENT OF FACTS

10. Plaintiff began working for the State of Connecticut in or about February 1988. In or about December 1992, Plaintiff began working for DCF, and was responsible for working with victims of child abuse. In or about November 1998, Plaintiff was promoted to Pupil Services Specialist, working with juvenile delinquents. At this point she was based at Long Lane School in Middletown, Connecticut.

11. Once Plaintiff was promoted to Pupil Services Specialist, she began to accrue time towards hazardous duty retirement pursuant to the prevailing collective bargaining agreement between the State of Connecticut and the State Employees Bargaining Agent Coalition ("SEBAC").

12. In or about 2001, Plaintiff, along with the majority of her department, was transferred to the Connecticut Juvenile Training School in Middletown, CT ("CJTS").

13. Shortly after her transfer to CJTS, Plaintiff began to develop medical problems including, but not limited to, respiratory problems, reoccurring bronchitis, short-term memory loss, cognitive and neurological impairments, and skin rashes, for which she sought medical treatment.

14. Plaintiff was eventually diagnosed with a number of medical issues, including but not limited to: allergic rhinitis, chronic sinusitis and asthma, which affects several major life

activities including, but not limited to, breathing.  Plaintiff was told by her doctor that her disabilities were attributed to mold which was present at her workplace.

15.     Despite receiving medical treatment from her doctor, Plaintiff was forced to take a medical leave of absence from work on or about January 20, 2004 due to her worsening medical condition caused by the amounts of mold present at her workplace.

16.     Based on this medical condition, Plaintiff filed a Workers' Compensation claim on or about April 14, 2004.

17.     After Plaintiff reported her condition to the Defendants, Defendants treated Plaintiff differently, and less favorably, than they treated employees who did not suffer from Plaintiff's disability.  In fact, Defendants discriminated against Plaintiff because of her disability, as alleged herein.

18.     As an example, in or about October, 2004, Plaintiff returned to work on a ninety-day temporary assignment with the medical restriction that she could not work in an environment where mold was present.

19.     Defendants, aware of Plaintiff's medical restrictions, placed her at Riverview Hospital in Middletown, CT ("Riverview Hospital") for the temporary assignment.  Instead of allowing Plaintiff to resume her normal duties (which Defendants would have allowed for other, non-disabled employees), Defendants assigned Plaintiff solely paperwork rather than the face-to-face social work that she had done previously.

20.     Moreover, upon information and belief, prior to this assignment, Riverview Hospital had been inspected by the Connecticut Division of Occupational Safety and Health with said investigations showing a history of mold and unsafe working conditions.  Defendants knowingly placed Plaintiff in an environment that exacerbated her condition.

21.     A few days after working at Riverview Hospital, Plaintiff was forced to go to the emergency room due to a serious allergic reaction.  Plaintiff missed approximately fifteen days of work out of the ninety day assignment due to her allergic reaction.  Moreover, this allergic reaction set back Plaintiff's medical treatment for her disability.

22.     After the ninety day assignment concluded, Defendants did not offer Plaintiff a new assignment or location, and she was again forced to take a medical leave of absence.

23.     Prior to returning to work again, Plaintiff and her doctor informed Defendants that they should inspect their buildings for both mold and Volatile Organic Compounds.

24.     Plaintiff remained out of work until after April, 2008.  On or about April 10, 2008, Defendants offered Plaintiff a position at DCF's Meriden Satellite Office at 55 W. Main Street in Meriden, CT ("55 W. Main").  Plaintiff informed Defendants that 55 W. Main did not accommodate her disability because an investigation conducted in or about 2006 revealed that it contained levels of mold which her doctor opined would not make it a medically safe working environment for someone of her sensitivity.  Plaintiff then requested Defendants to accommodate her by offering her a position at a location which was medically safe.  Defendants refused this request for accommodation.

25.     With no alternative, Plaintiff attempted to return to work at 55 W. Main on or about May 5, 2008.  Within two days of starting, Plaintiff's allergic reaction, which was similar to those that she experienced at both CJTS and Riverview Hospital, was so pronounced that she had to seek medical treatment.  Pursuant to her doctor's recommendation, Plaintiff went back on medical leave on or about May 7, 2008.

26. Plaintiff again attempted to return to 55 W. Main on or about November 12, 2008. Once again, she experienced an allergic reaction which prompted her to seek medical treatment and she again took medical leave at her doctor's recommendation.

27. During all relevant times, Plaintiff kept Defendants aware of her medical condition and provided up-to-date medical documentation, including doctor's notes, to Defendants.

28. On or about February 19, 2009, Defendants provided Plaintiff with a notice that her employment would be terminated due to alleged neglect of duty and attendance effective on or about March 5, 2009.

29. In her 21 years of State service, however, Plaintiff had never been disciplined for lack of attendance or neglect of duty, nor had the issue been noted in any performance appraisal or review of Plaintiff. Defendants' stated reason for terminating Plaintiff, therefore, was merely a pretext.

30. Moreover, despite having a policy that all employees would be placed on a 90-day probationary period prior to their termination, Defendants did not follow this policy in terminating Plaintiff's employment. Plaintiff, then, was treated differently by Defendants from other employees who were not disabled. Plaintiff is able to perform the essential functions of her job with reasonable accommodation.

31. Defendants denied every request Plaintiff made for reasonable accommodation.

32. Plaintiff performed the essential functions of her job in at least a satisfactory manner. Prior to 2004, Plaintiff had positive performance reviews and yearly raises. She did not receive reviews or raises once she went on medical leave.

33. Upon information and belief, the CJTS has been investigated by the Connecticut Division of Occupational Safety and Health, with said investigations showing a history of mold and unsafe working conditions.

34. Upon information and belief, Riverview Hospital has been investigated by the Connecticut Division of Occupational Safety and Health, with said investigations showing a history of mold and unsafe working conditions.

## COUNT I
## THE AMERICANS WITH DISABILITIES ACT ("ADA")
### 42 U.S.C. § 12101, *et seq,*
### (Disparate Treatment/Failure to Accommodate)

35. Plaintiff incorporates by reference Paragraphs 1 through 34 as if fully set forth herein.

36. Plaintiff is a qualified individual with a disability of which Defendants had notice.

37. Plaintiff requested reasonable accommodation of this disability, and was denied by Defendants.

38. Defendants violated 42 U.S.C. §12112 (Title I) and 42 U.S.C. 12132 (Title II) when they treated Plaintiff differently than similarly situated non-disabled employees, when they refused to accommodate Plaintiff's disability, when they failed to engage in their own policies prior to termination, and when her employment was terminated.

39. Defendants' conduct was willful.

40. Plaintiff has suffered and will continue to suffer damages as a result of Defendants' conduct.

## COUNT II
## THE AMERICANS WITH DISABILITIES ACT ("ADA")
## 42 U.S.C. § 12101, *et seq,*
## (Retaliation)

41. Plaintiff incorporates by reference Paragraphs 1 through 40 as if fully set forth herein.

42. Plaintiff is a qualified individual with a disability of which Defendants had notice.

43. Plaintiff requested reasonable accommodation of this disability, and was denied by Defendants.

44. Defendants violated 42 U.S.C. §12112 (Title I) and 42 U.S.C. 12132 (Title II) when they retaliated against Plaintiff for requesting an accommodation, when they treated Plaintiff differently than similarly situated non-disabled employees, when they refused to accommodate Plaintiff's disability, when they failed to engage in the interactive process, and when her employment was terminated.

45. Defendants' conduct was willful.

46. Plaintiff has suffered and will continue to suffer damages as a result of Defendants' conduct.

## COUNT III
## THE REHABILITATION ACT OF 1973
## ("THE REHABILITATION ACT")
## 29 U.S.C. §701 *et seq*.

47. Plaintiff incorporates by reference Paragraphs 1 through 46 as if fully set forth herein.

48. Plaintiff is a qualified individual with a disability of which Defendants had notice.

49. Plaintiff requested reasonable accommodation of this disability, and was denied by Defendants.

50. Defendants violated 29 U.S.C. §701 *et seq.* when they treated Plaintiff differently than similarly situated non-disabled employees and when they refused to accommodate her disability.

51. Defendants' conduct was willful.

52. Plaintiff has suffered and will continue to suffer damages as a result of Defendants' conduct.

## COUNT IV
## THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT ("CFEPA")
## Conn. Gen. Stat. § 46a-60
## (Disparate Treatment/Failure to Accommodate)

53. Plaintiff incorporates by reference Paragraphs 1 through 52 as if fully set forth herein.

54. Plaintiff is a qualified individual with a disability of which Defendants had notice.

55. Plaintiff requested reasonable accommodation of this disability, and was denied by Defendants.

56. Defendants violated Conn. Gen. Stat. §46a-60 when they treated Plaintiff differently than similarly situation non-disabled employees, when they refused to accommodate Plaintiff's disability, when they failed to engage in their own policies prior to termination, and when her employment was terminated.

57. Defendants' conduct was willful.

58. Plaintiff has suffered and will continue to suffer damages as a result of Defendants' conduct.

## COUNT V
## THE CONNECTICUT WORKERS' COMPENSATION RETALIATION ACT
## ("WORKERS' COMPENSATION RETALIATION")
## Conn. Gen. Stat. § 31-290a
## (Retaliation)

59.     Plaintiff incorporates by reference Paragraphs 1 through 58 as if fully set forth herein.

60.     In April, 2004, Plaintiff filed a workers' compensation claim.  Thereafter, Plaintiff was treated differently than employees who had not filed workers' compensation claims in terms of the nature of duties assigned and the locations in which she was assigned to work until she was terminated.

61.     There was a causal connection between Plaintiff's workers' compensation claim and the different treatment and eventual termination.

62.     Defendant's conduct was willful.

63.     Plaintiff has suffered and will continue to suffer damages as a result of Defendants' conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(1) declare that the employment practices complained of in this Complaint are unlawful;

(2) order that the Defendants pay Plaintiff compensatory damages;

(3) order that the Defendants pay Plaintiff punitive damages;

(4) order that the Defendants reinstate Plaintiff in her prior position in a suitable location that accommodates her disability in addition to restoring and continuing all vesting of benefits including Hazardous Duty Retirement benefits; or alternatively provide her Disability Retirement benefits in the State of Connecticut Retirement System;

(5) retain jurisdiction of this action to ensure full compliance;

(6) order that the Defendants pay Plaintiff reasonable interest;

(7) order the Defendants to pay Plaintiff's costs and expenses and reasonable attorney's fees;

(8) grant such other relief to Plaintiff as the court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury.

> PLAINTIFF
>
> LINDA A. LEE
>
> BY:  /s/Nicholas A. Geiger
> Nicholas A. Geiger (ct28060)
> Francis H. Morrison (ct04200)
> AXINN, VELTROP & HARKRIDER LLP
> 90 State House Square
> Hartford, Connecticut 06103
> 860-275-8100  Telephone
> 860-276-8101  Facsimile
> nag@avhlaw.com
> fhm@avhlaw.com
>
> Aaron J. Feigenbaum (admitted *pro hac vice*)
> Lauren S. Albert (admitted *pro hac vice*)
> AXINN, VELTROP & HARKRIDER LLP
> 114 West 47th Street
> New York, New York 10036
> 212-728-2230  Telephone
> 212-768-2201  Facsimile
> ajf@avhlaw.com
> lsa@avhlaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 15, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

              /s/ Nicholas A. Geiger
              Nicholas A. Geiger